UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:15-CR-240-B |
| | § | |
| MARIAMMA VIJU, | § | |
| | § | |
| Defendant, | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Mariamma Viju's Motion to Quash Garnishment Under 18 U.S.C. § 3205. Doc. 144, Mot. to Quash. On August 1, 2017, the Court entered judgment against Viju for one count of Wrongful Disclosure of Individually Identifiable Health Information, in violation of 42 U.S.C. § 1320d-6(a) and ordered Viju to pay, among other amounts, $277,957.89 in restitution. Doc. 116, J., 1, 5. To enforce the Court's judgment, the United States sought and received a writ of garnishment, serving the writ on the garnishees and subsequently on the defendants. Doc. 122, Appl. for Writ of Garnishment; Doc. 129, Ex Parte Order for Issuance of Writ of Garnishment; Doc. 146, Proof of Service.

Viju objects to the Court's granting of the writ of garnishment for two reasons. First, Viju contends that she did not receive proper notice of the writ. Doc. 144, Mot. to Quash, 2. And second, Viju claims that because the Court ordered her to pay restitution only in installments, the government cannot garnish the entire restitution amount. *Id.*

Viju is wrong on both counts. First, she received notice. Although Viju argues that the

United States did not serve her with the writ at her correct address, Doc. 144, Mot. to Quash, 8, the United States has submitted a certificate of service showing that it served garnishment process on Viju at her correct address at the time of service[1]. Doc. 146, Proof of Service.

Second, the United States can in this case garnish the entire restitution amount. The Court's judgment states that "[r]estitution shall be payable immediately" and that Viju must satisfy any remaining restitution obligations existing at the commencement of her term of supervised release in monthly installments. Doc. 116, J., 5. The Court's judgment states also that "[t]his payment plan shall not affect the ability of the United States to immediately collect payment in full through garnishment." *Id.* Thus, Viju's argument that her restitution debt is not yet payable fails.

Accordingly, the Court **OVERRULES** Viju's objection.

**SO ORDERED.**

**SIGNED: March 1, 2018.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] On January 25, 2018, Viju provided notice to the Court that she was to be transferred to a facility in Bryan, Texas. Doc. 150.